**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JERMAINE JOHNSON and LAUREN FRANKLIN, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 08 C 5042 |
| XTRA LEASE LLC, a Delaware Limited ) Liability Company, *et al.*,[1] ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On September 10, 2008, Defendant XTRA Lease LLC removed this matter from the Circuit Court of Cook County, County Department, Law Division, based on the Court's diversity jurisdiction. *See* 28 U.S.C. § 1332. In their three-count Amended Complaint, Plaintiffs Jermaine Johnson and Lauren Franklin allege common law negligence claims based on an automobile accident that occurred on May 1, 2008. Before the Court is XTRA's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c). For the following reasons, the Court grants XTRA's motion and dismisses this lawsuit in its entirety.

### BACKGROUND

Defendant XTRA Lease LLC is a Delaware limited liability company with its principle place of business in Missouri. (R. 42-3, Def.'s Rule 56.1 Stmt. Facts ¶ 2.) The sole member of

---

[1] Because Plaintiffs can get complete relief from Defendant XTRA Lease LLC based on the doctrine of respondeat superior, Defendants' unknown agents and/or employees are not necessary or indispensable parties to this lawsuit. *See Ackerman v. Northwestern Mut. Life Ins. Co.,* 172 F.3d 467, 471 (7th Cir. 1999).

XTRA Lease LLC is XTRA LLC, which is a limited liability company incorporated in Maine with its principle place of business in Missouri. (R. 7-1, Am. Notice Removal ¶ 9.) The sole member of XTRA LLC is XTRA Companies, Inc., which is incorporated in Delaware with its principle place of business in Missouri. (*Id.* ¶ 10.) Plaintiffs Jermaine Johnson and Lauren Franklin are citizens of Illinois. (*Id.* ¶ 7.)

Defendant XTRA Lease LLC ("XTRA") is engaged in the business of leasing a fleet of approximately 100,000 trailers to third party customers from approximately 80 branch locations in the United States and Canada. (Def.'s Stmt. Facts ¶ 4.) XTRA is not in the business of operating tractors, and each trailer it leases is leased subject to a set of policies and procedures. (*Id.* ¶ 7.)

The accident at issue involved a vehicle operated by Johnson and another vehicle that – to date – has not been specifically identified. (*Id.* ¶ 8; R. 73-1, Pl.'s Resp. to Def.'s Rule 56.1 Stmt. ¶ 8.) The Illinois Traffic Crash report referred to the unidentified vehicle as "a truck-tractor semi-trailer." (Def.'s Stmt. Facts ¶ 9.) The crash report also indicated that "a witness stated the semi-trailer was white with the name 'XTRA' in red lettering. No registration information was obtained." (*Id.*) Illinois State Trooper Thomas Berkley, the author of the traffic crash report, testified that he believed the cause of the accident was that the vehicles identified as "Unit 1" and "Unit 2" collided. (*Id.* ¶ 11.) Trooper Berkley based his opinion on the witnesses at the scene and by observing Johnson's vehicle. (*Id.*) The Illinois State Police have no other documentation related to this accident. (*Id.* ¶ 13.)

A witness to the accident, Jorge Rayas, Jr., testified at his deposition that on the day in question he was traveling in Illinois on I-294 southbound toward Indiana. (R. 75-1, Ex. A,

2

Rayas Dep., at 7.) He further testified that the collision happened in front of him, but that he did not actually witness it. (*Id.* at 8.) Specifically, Rayas testified that the first thing he saw related to the accident was a car upside down on the right-hand shoulder of the road. (*Id.*) After seeing the upside down car, Rayas pulled over and rushed to the car to see if everybody was all right after which he saw Johnson unconscious in his vehicle. (*Id*. at 10, 16.) Rayas further testified that an older man who saw the accident stated that a white semi-truck was switching lanes and nicked Johnson's car on the front end which made Johnson lose control. (*Id*. at 12.) Another eyewitness, Floyd Smith, testified that he saw a white semi-truck with XTRA in red lettering on it and that this tractor-trailer passed his vehicle on the highway after he saw an upside down car on the right-hand shoulder. (Def.'s Stmt. Facts ¶¶ 16, 17; R. 42-13, Def.'s Ex. J, Smith Dep. at 14-18.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 127 S.Ct. 1769, 1776, 167 L.Ed.2d 686 (2007). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552, 91

3

L.Ed.2d 265 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted); *see also* Fed.R.Civ.P. 56(e)(2) (requiring adverse party to "set out specific facts").

## ANALYSIS

Based on the automobile accident that occurred on May 1, 2008, Plaintiffs bring the present three-count Amended Complaint alleging: (1) a negligence claim in Count I; (2) a loss of consortium claim in Count II; and (3) a negligent entrustment claim in Count III. The parties agree that Illinois law controls this action based in tort. *See Auto-Owners Ins. Co. v. Websolv Computing, Inc.,* 580 F.3d 543, 547 (7th Cir. 2009) ("When a federal court hears a case in diversity, [] it applies the choice-of-law rules of the forum state to determine which state's substantive law applies."); *Tanner v. Jupiter Realty Corp.,* 433 F.3d 913, 915 (7th Cir. 2006) (Illinois courts apply the most significant relationship test to choice of law disputes).

"To establish a valid claim for negligence in the state of Illinois, a party must demonstrate that the defendant owed him a duty, that the defendant breached this duty, and that he suffered an injury that was proximately caused by the defendant's breach." *Lewis v. CITGO Petroleum Corp.,* 561 F.3d 698, 702 (7th Cir. 2009) (citing *Cunis v. Brennan,* 56 Ill.2d 372, 308 N.E.2d 617, 618 (1974)). In addition, under Illinois law "a person may be liable for the negligent entrustment of a vehicle 'where that person entrusts the vehicle to one whose incompetency, inexperience, or recklessness is known or should have been known by the entrustor of the vehicle.'" *Watson v. Enter. Leasing Co.,* 325 Ill.App.3d 914, 921, 258 Ill.Dec. 915, 757 N.E.2d 604 (2001) (citation omitted).

4

## I. Negligence and Loss of Consortium Claims – Counts I and II

In Count I of the Amended Complaint, Plaintiffs allege that XTRA, "individually and by and through its unknown agent, employee and/or less[ee] and XTRA Lease's unknown agent, employee and/or less[ee] was operating a Truck Tractor Semi Trailer white in color with the name XTRA clearly marked in red lettering on the side southbound on Interstate 294 at or near mile post 3.6 in the City of Thorton Township, County of Cook, and State of Illinois." (R. 1-3, Am. Compl., Count I ¶ 2.) In Count II, Plaintiff Lauren Franklin alleges a claim of loss of consortium based on the same allegations in Count I. (*Id*., Count II ¶¶ 1-10.)

The parties do not dispute that the negligence allegations in Counts I and II are based on the doctrine of vicarious liability. *See Bagent v. Blessing Care Corp.,* 224 Ill.2d 154, 163-64, 308 Ill.Dec. 782, 862 N.E.2d 985 (2007) ("Under the theory of *respondeat superior,* an employer can be liable for the torts of an employee"); *see also Illinois Farmers Ins. Co. v. Hall,* 363 Ill.App.3d 989, 994, 300 Ill.Dec. 530, 844 N.E.2d 973 (2006) ("loss of consortium is a derivative claim to the direct injury that causes it.") (citation omitted). Also, the parties do not dispute that 49 U.S.C. § 30106(a), also known as the Graves Amendment, governs the Court's analysis. Section 30106(a) specifically states:

> An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if –
>
> > (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
> >
> > (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

49 U.S.C. § 30106(a); *see also Dolter v. Keene's Transfer, Inc.,* No. 3:08-cv-262, 2008 WL 3010062, at *2 (S.D. Ill. Aug. 2, 2008) (Section 30106(a) bars liability based on defendant merely owning trailer involved in accident); *Cates v. Hertz Corp.,* No. 08-10686, 2009 WL 2447792, at * 4 (5th Cir. Aug. 11, 2009) ("Graves Amendment preempted state law in the area of vicarious liability for owners engaged in the business of renting or leasing motor vehicles, absent a showing of negligence or criminal wrongdoing on the part of the owner."). In particular, "Section 30106 was enacted to protect the vehicle rental and leasing industry against claims for vicarious liability where the leasing or rental company's only relation to the claim was that it was the technical owner of the car." *Rein v. CAB East LLC,* No. 08 C 2899, 2009 WL 1748905, at *2 (S.D.N.Y. June 22, 2009) (citing 151 Cong. Rec. H 1034, 1200 (2005) (statement of Rep. Graves)).

It is undisputed that XTRA is engaged in the business of leasing trailers and there is no evidence in the record of XTRA's own negligence or wrongdoing. Instead, at issue is whether the unknown driver was XTRA's agent as alleged in Counts I and II of the Amended Complaint. In particular, XTRA maintains that, assuming *arguendo*, it owned the trailer in question and its trailer was involved in the accident at issue, an agency relationship sufficient to prove vicarious liability under Illinois law did not exist between the unknown driver and XTRA. More specifically, XTRA argues that based on the record, the only possible conclusion is that the unknown driver leased or rented the trailer from XTRA, and thus XTRA is protected under Section 30106(a). *See Garcia v. Vanguard Car Rental, USA, Inc.,* 540 F.3d 1242, 1248 (11th Cir. 2008) (Section 30106(a) applies to negligent acts of a lessee, not the lessor's own negligence).

6

Here, Plaintiffs do not argue that the unknown driver did not lease or rent the trailer from XTRA. Instead, Plaintiffs argue that XTRA may be liable if a "statutory employment relationship" existed between the unknown driver and XTRA. Plaintiffs specifically argue that a statutory employment relationship can exist in circumstances where a defendant contracts with third parties, such as the situation in which the unknown driver worked for a third-party contractor responsible for delivering the XTRA trailer to the lessee. *See Dolter,* 2008 WL 3010062, at *3 ("'[s]tatutory employment' is a theory under which employer liability is imposed even when an employment relationship does not technically exist."). Plaintiffs' reliance on *Dolter* and the Federal Motor Carrier Safety Administration Regulations ("FMCSR"), specifically 49 C.F.R. § 390.5, is misplaced, however, because the FMCSR requires "motor carriers who lease vehicles from others to 'assume complete responsibility for the operation of the equipment for the duration of the lease.'" *Dolter,* 2008 WL 3010062, at *3 (citation omitted); *see also Simpson v. Empire Truck Lines, Inc.,* 571 F.3d 475, 477 (5th Cir. 2009) ("The FMCSR require[s] the leases to provide that the carrier has exclusive possession, control, and use of the equipment and assumes complete responsibility for its operation for the duration of the lease."). In short, the FMCSR imposes liability on carrier-lessees and not equipment owners or lessors like XTRA. *See Dolter,* 2008 WL 3010062, at *3.

Plaintiffs further argue that a third-party vendor responsible for delivering the trailer to the lessee could also be an independent contractor, and thus not protected by Section 30106(a). XTRA, however, sets forth undisputed evidence that the companies that deliver trailers to the lessees sign the same rental agreements – pursuant to the same terms and conditions – as any other lessee. (R. 42-10, Ex. G, Zaborowski Dep., at 48-49; 42-6, Ex. C,

7

Dweller Decl. ¶ 8.) As such, under the undisputed facts, these third-party vendors are lessees and not independent contractors as Plaintiffs argue.

Accordingly, viewing the facts and all reasonable inferences in Plaintiffs' favor, they have failed to present sufficient evidence raising a genuine issue of material fact for trial that XTRA is not immune under the Graves Amendment, 49 U.S.C. § 30106(a). *See* Fed.R.Civ.P. 56(e)(2). Therefore, the Court grants Defendants' summary judgment motion as to the negligence claim in Count I and the derivative loss of consortium claim in Count II of the Amended Complaint.

## II. Negligent Entrustment Claim – Count III

In Count III of the Amended Complaint, Plaintiffs allege that XTRA was negligent in entrusting the trailer in question. Under Illinois law, an action for negligent entrustment requires "entrusting a dangerous article to another whom the lender knows, or should know, is likely to use it in a manner involving an unreasonable risk of harm to others." *Zedella v. Gibson,* 165 Ill.2d 181, 186, 209 Ill.Dec. 27, 650 N.E.2d 1000 (1995) (internal quotations omitted); *see also Evans v. Shannon,* 201 Ill.2d 424, 434, 267 Ill.Dec. 533, 776 N.E.2d 1184 (2002). In the context of motor vehicles, "[t]here are two primary considerations in negligent-entrustment analysis: (1) whether the owner of the vehicle entrusted the car to an incompetent or unfit driver, and (2) whether the incompetency was a proximate cause of a plaintiff's injury." *Evans*, 201 Ill.2d at 434; *see also McGath v. Price,* 342 Ill.App.3d 19, 27-28, 276 Ill. Dec. 42, 793 N.E.2d 801 (2003).

Construing the evidence and all reasonable inferences in Plaintiffs' favor, they have failed to present any evidence that the unknown driver was incompetent or unfit and that the

driver's incompetency was the proximate cause of Johnson's injury. *See Evans,* 201 Ill.2d at 434. To clarify, Plaintiffs maintain that their negligent entrustment claim hinges on obtaining the identity of the driver from a GPS data disc in the custody and control of non-party, Qualcomm Inc. In its prior orders concerning the GPS data disc, the Court recognized that Plaintiffs have failed to actively pursue their claims and conduct discovery within the Court's deadlines, especially concerning the GPS data disc. *See Rosario v. Livaditis,* 963 F.2d 1013, 1019 (7th Cir. 1992) ("A party who fails to pursue discovery in the face of a court ordered cut-off cannot plead prejudice from his own inaction."). Nevertheless, the Court has granted Plaintiffs' numerous extensions of time to obtain the GPS data disc and other discovery relevant to the disc. In its February 2, 2010 order, the Court granted Plaintiffs' last motion for an extension of time until February 22, 2010, warning Plaintiffs that no further extensions would be allowed. On February 22, 2010, Plaintiffs' counsel informed the Court that Plaintiffs will not be supplementing their response to Defendants' motion for summary judgment with any evidence concerning the GPS data disc.

Accordingly, the Court grants Defendants' summary judgment motion as to Count III of the Amended Complaint because Plaintiffs have failed to present evidence creating a genuine issue of material fact for trial that the unknown driver was incompetent or unfit and that the driver's incompetency was the proximate cause of Johnson's injury as required to establish a negligent entrustment claim under Illinois law. *See Evans*, 201 Ill.2d at 434.

## CONCLUSION

For the foregoing reasons, the Court grants Defendant's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.

**Date:** February 24, 2010

          **ENTERED**

          _____
          **AMY J. ST. EVE**
          **United States District Court Judge**